IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case Number: 7:24CV00352 |
| ANDREW DEE HINZ, | ) | |
| and | ) | |
| KAREN S. BIXLER, | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSIVE PLEADINGS TO COMPLAINT**

Now come Defendants Andre Dee Hinz and Karen S. Bixler ("Defendants), pursuant to Rule 12 of the Federal Rules of Civil Procedure, and respond as follows to the Complaint filed against them by Plaintiff Mountain Valley Pipeline, LLC ("MVP").

I. Motion to Dismiss Counts One, Two, Four, and Six

1. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants move to dismiss Counts One (interference with easements), Two (private nuisance), Four (willful and wanton conduct), and Six (statutory business conspiracy) for failure to state claims upon which relief may be granted. This motion to dismiss rests on the grounds that follow, as explained in detail in Defendants' supporting memorandum.

2. Count One should be dismissed because under Virginia law there is no cause of action for "interference with easements" against a non-party to the easement.

3. Count Two should be dismissed because MVP does not allege that the alleged nuisance was visible or otherwise capable of detection from MVP's easement.

4. Count Four should be dismissed because MVP alleges that Defendants

caused harm intentionally, not recklessly.

5. Count Six should be dismissed because § 18.2-499 is unconstitutionally vague, both on its face and as applied to Defendants.

6. Defendants incorporate by reference their Memorandum in Support of Motion to Dismiss Counts One, Two, Four, and Six, which they file this day.

Wherefore, the Court should dismiss Counts One, Two, Four, and Six with prejudice.

II. Response to Amended Complaint

Without waiving the foregoing Motion to Dismiss Counts One, Two, Four, and Six, Defendants answer or otherwise respond to the Amended Complaint as follows:

7. Paragraph 1 states a legal conclusion to which no response is required. With respect to the allegations as to Defendants in Paragraph 1, Defendants assert their Fifth Amendment right against self-incrimination and respectfully decline to answer on that basis.

8. Defendants lack sufficient information to admit or deny paragraph 2 of the Complaint.

9. With respect to Paragraph 3, Defendants assert their Fifth Amendment right against self-incrimination and respectfully decline to answer on that basis.

10. Paragraph 4 through 7 contain legal conclusions to which no answer is required. Defendants deny that "the amount in controversy exceeds $75,000 exclusive of interests and costs," as MVP alleges in paragraph 6, and denies the Court has subject matter jurisdiction. Defendants do not dispute the propriety of venue, assuming federal jurisdiction exists.

11. Defendants generally lack sufficient information to admit or deny paragraph 8 of the Complaint, but admit that the MVP project crosses Roanoke County, Virginia.

12. Defendants lack sufficient information to admit or deny the allegation in paragraph 9 that "Honeysuckle Road is the sole access of sections of" MVP's Roanoke County easements and that "[b]ecause Honeysuckle Road comes to a dead end past these locations, there is only one way in and one way out" and that "[i]f Honeysuckle Road is blocked, crews, tools, and equipment cannot reach these easements." Defendants otherwise assert their Fifth Amendment right against self-incrimination and respectfully decline to answer on that basis.

13. Any allegations which Defendants do not answer above for lack of sufficient Information are denied. Defendants deny MVP is entitled to any relief whatsoever.

14. Defendants deny they are indebted to MVP in any amount under Counts Three and Five.

15. With respect to paragraph 10-48, Defendants assert their Fifth Amendment right against self-incrimination and therefore respectfully decline to answer on that basis.

16. Any allegations in the Complaint Defendants do not expressly admit above are expressly denied, except to the extent Defendants have asserted their Fifth Amendment right to self-incrimination to any allegation in the Complaint.

Affirmative Defenses.

17. The Court lacks subject matter jurisdiction.

18. MVP lacks standing to bring an action for public nuisance because it has not suffered a "special injury" within the meaning of Virginia law.

19. MVP cannot bring a claim for common law civil conspiracy in the absence of a cognizable underlying tort for which MVP has standing.

20. To the extent a claim for common law civil conspiracy is cognizable in this action, it is duplicitous because Defendants are alleged to be primary tortfeasors.

21. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

22. Plaintiff's claims for injunctive relief are barred by the absence of irreparable harm and the presence of adequate remedies at law.

Wherefore, having responded to Counts One, Two, Three, Four, Five, and Six, Defendants respectfully request that the Complaint be dismissed and they be awarded their costs and other relief the Court deems appropriate.

DEFENDANT DEMANDS TRIAL BY JURY ON ALL CLAIMS AND ISSUES TRIABLE TO A JURY.

ANDREW DEE HINZ AND KAREN S. BIXLER

By: /s/ Paul G. Beers
Of Counsel

Jonathan Sidney, *Pro Hac Vice*
Colorado Bar No. 52463
Ohio Bar No. 0100561
Climate Defense Project
P.O. Box 97
Forest Hill, WV
Email: jsidney@climatedefenseproject.org
Telephone: (510) 318-1549

Paul G. Beers (VSB # 26725)
Glenn, Feldmann, Darby & Goodlatte
111 Franklin Road, S.E., Suite 200
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone: (540) 224-8000
Facsimile: (540) 224-8050
Email: pbeers@glennfeldmann.com

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2024, I electronically filed the foregoing Defendants' Responsive Pleadings to Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Paul G. Beers
Paul G. Beers