IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 7:24-cv-352 |
| | ) | |
| ANDREW DEE HINZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO
DISMISS COUNTS ONE, TWO, FOUR, AND SIX</u>

Plaintiff Mountain Valley Pipeline, LLC ("MVP"), by counsel, for its

response to the motion to dismiss filed by defendants Andrew Dee Hinz and Karen S.

Bixler, Dkt. No. 10, states as follows:

I.      INTRODUCTION

Defendants' 12(b)(6) challenge to MVP's claims have no support in fact or

in law.  It is universally recognized that holders of easements have the right to enforce

their agreements.  And courts will prevent others from wrongfully interfering with that

right.  MVP has therefore stated a claim for interference with its easements.

While defendants do not challenge MVP's claim for public nuisance, they

argue MVP has not stated a claim for private nuisance.  Because defendants obstructed

public road and the obstruction prevented access to MVP's easements, MVP has stated a

claim for both public and private nuisance.

While MVP has alleged that defendants' obstruction was intended to cause harm to MVP, MVP has also alleged that defendants acted with reckless indifference to the consequences of their actions.  MVP has therefore stated a claim for willful and wanton conduct.

Finally, while defendants do not challenge MVP's claim for common law conspiracy, they contend Virginia's conspiracy statute is "void for vagueness."  The statute is not however unconstitutionally vague on its face, nor as applied to defendants.

## II.    STANDARD OF REVIEW

Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges whether Counts One, Two, Four, and Six set out a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  To survive the motion, the counts "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (quotation marks omitted).  A claim is facially plausible when the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In resolving a Rule 12(b)(6) motion, courts accept as true all well-pleaded allegations and draw all reasonable factual inferences in the plaintiff's favor, and then determine whether they plausibly give rise to an entitlement to relief under the governing law.  *Rivers v. United States*, No. 6:18-cv-00061, 2020 WL 5526500, at *5 (Aug. 18, 2020), *R&R adopted*, 2020 WL 5790409 (W.D. Va. Sept. 28, 2020).

## III.   ARGUMENT

### A.   *Count One States a Claim for Interference with Easements*

Easements are real-property rights that are entitled to protection and that receive it.  *Snead v. C & S Props. Holding Co.*, 692 S.E.2d 212, 215-16 (Va. 2010); *Pizzarelle v. Dempsey*, 526 S.E.2d 260, 266 (Va. 2000); *Columbia Gas Transmission, LLC v. Grove Ave. Developers, Inc.*, 357 F. Supp. 3d 506, 528 (E.D. Va. 2019); *Restatement* (Third) *of Property (Servitudes)* § 8.1 (2000) ("A person who holds the benefit of a servitude under any provision of this Restatement has a legal right to enforce the servitude.  Ownership of land intended to benefit from enforcement of the servitude is not a prerequisite to enforcement."); Michael Allen Wolf, *Powell on Real Property* § 34.17 (2005) (stating an easement holder is entitled to maintain an action for the infringement of his easement whether or not pecuniary loss has been suffered).

Defendants contend, incorrectly, that the easement may not be enforced against them because they are not parties to the easement. Dkt. No. 11 at 2.  An easement holder, however "is entitled to protection from acts of third parties that interfere with enjoyment of the easement.  Such protection is available against third parties to the same extent that it is available against the servient estate owner."  Jon W. Bruce, et al., *The Law of Easements & Licenses in Land* § 8:33 (March 2024 Update); *Restatement* (First) *of Property* § 450 (1944) ("An easement is an interest in land in the possession of another which . . . entitles [the easement holder] to protection as against third persons from interference in such use or enjoyment . . . .");  *Restatement* (Third) *of Property: Servitudes*

3

§ 8.2, cmt. (2000) ("In modern servitudes law, the full panoply of remedial choices is available to judges enforcing covenants as it is in enforcing easements and profits. Remedies may be selected on the basis of their appropriateness to the case, rather than the presence or absence of privity.").

Defendants cite *Hogan v. County of Lewis, N.Y.*, No. 7:11-cv-0754, 2015 WL 1400496, at *5-6 (N.D.N.Y. Mar. 26, 2015), in which the plaintiff did not cite any support, under New York law, for a claim for interference against a defendant who was not party to the easement. It appears that the plaintiff failed to cite *Bloomingdales, Inc. v. New York City Transit Auth.*, 52 A.D.3d 120, 125-26 (N.Y. App. Div. 2008), *aff'd,* 915 N.E.2d 608 (N.Y. 2009), in which an easement holder was entitled to seek damages against a third party for interference with the easement.

In any event, the Court need look no further than the *Restatement* which sets forth the law on this point. As this Court has already held, a claim for interference can be made against a defendant who is not party to the easement. *Mountain Valley Pipeline, LLC v. Guidry*, Case No. 7:23-cv-727, Dkt. No. 15 (W.D. Va. Mar. 4, 2024). Cases from across the country recognize the right of an easement holder to protection against any interference. *See Willenberg v. Frye*, 3 N.W.3d 23, 28 (Minn. Ct. App. 2024) (quoting *Restatement*); *Normandin v. Encanto Adventures, LLC*, 441 P.3d 439, 442 (Ariz. 2019) (citing *Restatement* as "noting that easement holders have a property interest in the easement and are protected against interference from third parties"); *Cedar Beach/Cedar Island Supporters, Inc. v. Gables Real Est. LLC*, 145 A.3d 1024, 1029 (Me. 2016) ("The right of an easement holder to protect his interest in an easement against a stranger is

4

'absolute.'"); *Kepple v. Dohrmann*, 60 A.3d 1031, 1036 (Conn. App. 2013) (stating easement "can be protected from interference by third parties"); *Larson v. State*, 790 N.W.2d 700, 704 (Minn. 2010) (quoting *Restatement*); *Berezofsky v. Haesler*, No. A-5093-07T1, 2009 WL 2579462, at \*6 (N.J. Super. Ct. App. Div. Aug. 24, 2009) (holding that owner of easement may bring action for damages or injunctive relief against third party who interferes with easement); *Boyce v. Cassese*, 941 So. 2d 932, 941 (Ala. 2006) ("Easement holders are entitled to protection from interference from third parties . . . .") (quoting *The Law of Easements & Licenses in Land, infra,* § 1.4); *Fox River Valley R.R. Corp. v. Escanaba & Lake Superior R. Co.*, 527 N.W.2d 398 (Wis. Ct. App. 1994) (quoting *Restatement*); *Smith v. Scrap Disposal Corp.*, 96 Cal. App. 3d 525, 529 (Cal. Ct. App. 1979) ("As an easement holder, it also had the right to protect its interest against interference by third persons."); *Loew's Theatre v. First Am. Nat. Bank of Nashville*, 451 S.W.2d 689, 691 (Tenn. 1970) (quoting *Restatement*); *Smith v. Harris*, 311 P.2d 325, 333 (Kan. 1957) (quoting *Restatement*); *Winslow v. Sauerwein*, 285 S.W.2d 21, 25-26 (Mo. App. 1955) (holding that easement holder can maintain action to protect easement against encroachment by third parties and that an injunction is appropriate if damages are inadequate); *Lintner v. Augustine Furniture Co.*, 225 N.W. 193, 194 (Wis. 1929) (protecting easement holder from interference by third party); *Williams v. Esling*, 4 Pa. 486, 488 (1846) ("[T]he grant of a way is exclusive, at least as to strangers; and . . . every intrusion into the enjoyment of an exclusive right subjects the wrongful participant to an action by the owner of it.").

B.      *Count Two States a Claim for Private Nuisance*

Under Virginia law, a nuisance is "everything that endangers life or health, or obstructs the reasonable and comfortable use of property." *Barnes v. Graham Va. Quarries, Inc.*, 132 S.E.2d 395, 397 (Va. 1963).  The unauthorized obstruction of a public road is a public nuisance.  *Wray v. Norfolk & W. Ry. Co.*, 61 S.E.2d 65, 69 (Va. 1950). And where the plaintiff's land is adjacent to the public road or the obstruction interferes with access to and from plaintiff's property, the plaintiff has a claim for a public nuisance.  *Magee v. Omansky*, 46 S.E.2d 443, 448 (Va. 1948); *Price v. Travis*, 140 S.E. 644, 646 (Va. 1927).  In its complaint, MVP has alleged that defendants obstructed Honeysuckle Road and that MVP holds easements adjacent to the road and that the obstruction prevented access to the easements.  Dkt. No. 1 ¶¶ 9, 26, 27.  For this reason, defendants do not challenge MVP's claim for public nuisance.

Instead, defendants' challenge is to MVP's claim for private nuisance.  But defendants fail to recognize that a property owner who suffers damages from an obstruction to a public highway can have a claim for both public nuisance and private nuisance.  The owner has a claim for public nuisance because the owner has special damage from the obstruction of the public highway, and the owner has a claim for private nuisance because the obstruction interferes with the use and enjoyment of property.  As the *Restatement* explains:

> When the nuisance, in addition to interfering with the public
> right, also interferes with the use and enjoyment of the
> plaintiff's land, it is a private nuisance as well as a public one.
> In this case the harm suffered by the plaintiff is of a different
> kind and he can maintain an action not only on the basis of

the private nuisance itself, but also, if he chooses to do so, on
the basis of the particular harm from the public nuisance.

*Restatement* (Second) *of Torts* § 821C, cmt. e (1965); see *Fugate v. Carter*, 144 S.E. 483,
484 (Va. 1928) (holding that party who sustains special injury from obstruction of public
road may sue for public nuisance and private nuisance).

Under Virginia law, the only difference between a public and private
nuisance is that any party sustaining special damage can file suit for a public nuisance,
while only the owner or occupant of property impacted by the nuisance can bring suit for
a private nuisance.  *See Bowers v. Westvaco Corp.*, 419 S.E.2d 661, 667 (Va. 1992); *City
of Virginia Beach v. Murphy*, 389 S.E.2d 462, 463 (Va. 1990); *Patrick v. Ruffner*, 41 Va.
209, 227 (1843); *Kraige v. Kroger Co.*, 43 Va. Cir. 293 (1997).

Defendants contend, however, that MVP's claim for private nuisance
should be dismissed because MVP has not alleged that the nuisance is "visible or
otherwise capable of physical detection from MVP's easement."  Dkt. No. 11 at 3.
Defendants rely on *Adams v. Star Enterprise*, 51 F. 3d 417, 421-22 (4th Cir. 1995), in
which the plaintiffs sued for private nuisance based on an oil plume on neighboring land
that allegedly devalued their property and caused them reasonable fear of significant
health risks.  The Fourth Circuit held that plaintiffs could not recover for nuisance
because the oil plume was not visible or otherwise detectable from their property.  *Id*. at
423.  In other words, plaintiffs did not allege "a significant interference with
Landowners' use and enjoyment of their properties."  *Id*. at 422.  A subsequent decision
of the Fourth Circuit clarifies that the limitation stated in *Adams* is necessary to prevent

7

claims "based simply upon fear of future events" and does not prevent claims for direct loss of use and enjoyment of property rights. *Cavallo v. Star Enterprise*, 100 F.3d 1150, 1154 (4th Cir. 1996); *see also Ogden v. Star Enter.*, 70 F.3d 1262 (4th Cir. 1995) (citing *Adams* as holding that "[n]either fear of harm nor diminution in property value resulting from mere proximity to the plume is enough").

While a requirement for visibility or detectability may be relevant to claims for activities or conditions on neighboring property—such as the oil plume or the unsightly automobiles discussed in *Adams*—it does not apply to claims for obstruction of public roads. When a public road is obstructed, the plaintiff may bring suit for private nuisance so long as the obstruction interfered with access to the plaintiff's property. *See Fugate*, 144 S.E. at 484. In that case, there is no further requirement that the obstruction be visible or detectible from the plaintiff's property.

MVP has alleged that defendants obstructed Honeysuckle Road and caused a significant interference with MVP's use of its easements because the obstruction blocked the only means of accessing MVP's easements. Dkt. No. 1 ¶¶ 9, 22, 23. MVP has therefore stated a claim for private nuisance.

C.     *Count Four States a Claim for Willful and Wanton Conduct*

Defendants contend that MVP has failed to state a claim for willful and wanton conduct because MVP alleges that defendants acted intentionally rather than recklessly or negligently. In making this argument, defendants misconstrue the Virginia Supreme Court's decision in *Infant C. v. Boy Scouts of America, Inc.*, 391 S.E.2d 322

8

(Va. 1990).  In that case, the court quoted the *Restatement* which distinguishes intentional conduct from reckless conduct on the ground that a reckless act "must be intended by the actor," but "the actor does not intend to cause the harm which results from it."  *Id*. at 328 (quoting *Restatement* (Second) *of Torts* § 500, cmt. f (1965)).  In other words, there is a difference between "an intentional act done without intending harm," which is willful and wanton conduct, and "an intentional act done with intent to harm," which is not.  *Id*. Therefore, the court held that plaintiff had proven willful and wanton conduct where "defendant did not intend to harm his victims, although he realized that the risk of harm to the many boys he molested was a matter of 'Russian Roulette,' in that he though some boys might suffer harm from his acts and some would not."  *Id*. at 329.  Thus, willful and wanton conduct includes intentional actions so long as the actor does not intend to cause the harm that results, even if the actor knows that harm is probable.

MVP does not attempt to "fit a square peg in a round hole" as defendants contend.  Dkt. No. 11 at 4.  While MVP has alleged that defendants intended to cause harm to MVP, MVP has also alleged that defendants acted "with reckless indifference to the consequences when the defendants were aware, from their knowledge of existing circumstances and conditions, that their conduct would probably result in injury to MVP."  Dkt. No. 1 ¶ 32.  This is the classic definition of willful and wanton conduct. *Infant C.*, 391 S.E.2d at 327 (quoting *Thomas v. Snow*, 174 S.E. 837, 839 (Va. 1934)). MVP is entitled to plead in the alternative, and "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally without setting forth the facts or circumstances from which the condition may be inferred."  Fed. R. Civ. P. 9(b).

D.       *Count Six States a Claim for Statutory Conspiracy*

While defendants do not seek dismissal of MVP's claim for common law

conspiracy, defendants challenge MVP's claim for statutory conspiracy, contending that

Virginia Code § 18.2-499 is unconstitutionally vague.  Dkt. No. 11 at 5.  This contention

has no merit.

Because Virginia Code § 18.2-499 is being applied in the context of a civil

action for damages, it "is subject to a less strict vagueness test."  *Vill. of Hoffman Ests. v.*

*Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 498-99 (1982).  There is a "greater tolerance

of enactments with civil rather than criminal penalties because of the consequence of

imprecisions are qualitatively less severe."  *Id.*  In a civil context, a statute will generally

not be held to be unconstitutionally vague unless it is "so vague and indefinite as really to

be no rule or standard at all."  *Boutilier v. Immigr. & Naturalization Serv.*, 387 U.S. 118,

123 (1967); *cf. Sessions v. Dimaya*, 584 U.S. 148, 156-57 (2018) (holding that the lenient

standard for statutes in civil cases does not apply to civil deportation cases).

Defendants contend that a stricter test applies because the statute infringes

on their First Amendment rights.  Dkt. No. 11 at 7.  This is not correct because

defendants have no First Amendment right to block a public road or interfere with access

to MVP's easements.  *Cameron v. Johnson*, 390 U.S. 611, 615-17 (1968) (upholding

statute that prohibited picketing which obstructs or unreasonably interferes with free

ingress or egress to and from public buildings and property); *Lloyd v. Tanner*, 407 U.S.

551, 568 (1972) ("The United States Constitution does not forbid a State to control the

use of its own property for its own lawful nondiscriminatory purpose."); *Adderley v. State*

10

*of Fla.*, 385 U.S. 39, 48 (1966) (holding private property being used for a lawful purpose is entitled to protection); *Chaves v. Johnson*, 335 S.E.2d 97, 103 (Va. 1985) (stating that constitutional guarantees have never been construed to protect either criminal or tortious conduct).

Defendants contend that the statute is unconstitutionally vague on its face because it prohibits persons from combining for the purpose of willfully and maliciously injuring another in his business "by any means whatever." Dkt. No. 11 at 8 (quoting § 18.2-499). Defendants argue that this language may prohibit lawful actions against the pipeline such as "boycotts, pickets, social media and other public relations campaigns." *Id*. But as the Virginia Supreme Court has interpreted the statute, it would not apply to lawful actions taken to oppose the project.

The Supreme Court of Virginia has held that, § 18.2-499 applies only when defendants have acted "with legal malice" or "intentionally, purposely, and without lawful justification." *Dunlap v. Cottman Transmission Sys., LLC*, 754 S.E.2d 313, 317 (Va. 2014) (quoting *Com. Bus. Sys., Inc. v. Bellsouth Servs., Inc.*, 453 S.E.2d 261, 267 (Va. 1995)). An action will "lie only if a plaintiff sustains damages as a result of an act that is itself wrongful or tortious." *Id*. Thus, the statute requires "some criminal or unlawful purpose or some lawful purpose by a criminal or unlawful means." *Bellsouth Servs.*, 453 S.E.2d at 267. Therefore, an action for statutory conspiracy "generally requires proof that an underlying tort was committed." *Dunlap,* 754 S.E.2d at 317 (quoting *Almy v. Grisham*, 639 S.E.2d 182, 188 (Va. 2007)).

As the Supreme Court has said, "[I]n evaluating a facial challenge to a state law, a federal court must, of course, consider any limiting construction that a state court or enforcement agency has proffered." *Kolender v. Lawson*, 461 U.S. 352, 355 (1983) (quoting *Vill. of Hoffman Ests.*, 455 U.S. at 494); *see Capital Assoc. Indus., Inc. v. Stein*, 922 F. 3d 198, 210 (4th Cir. 2019). [1]  Also, "a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." *Vill. of Hoffman Ests.*, 455 U.S. at 499.  Because the Supreme Court of Virginia has construed § 18.2-499 as applying only to unlawful conduct, defendants cannot show it is unconstitutionally vague on its face.

In any event, the Court should "consider whether a statute is vague as applied to the particular facts at issue, for a plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *United States v. Hasson*, 26 F.4th 610, 616 (4th Cir. 2022) (quoting *Holder v. Humanitarian L. Project*, 561 U.S. 1, 18-19 (2010)) (quotations and alterations omitted).

Citing no legal authority, defendants argue that, if the statute is not void on its face, "it is unconstitutional as applied to those prosecuted and sued for principled acts of nonviolent civil disobedience in the tradition of Gandhi and Martin Luther King, Jr." Dkt. No. 11 at 14.  Defendants state that "nonviolent protest" is not malicious.  *Id.*  But defendants were not prosecuted for protesting, they were prosecuted for obstructing free

---

1.  Defendants suggest that this rule was not followed in *United States v. Davis*, 588 U.S. 445, 448 (2019), but that case did not involve a challenge to a state statute.  Of course, a federal court can determine the vagueness of a federal statute in the first instance.  *Id.*

passage on a public road in violation of Virginia Code § 18.2-404.  And defendants are being sued for interference with MVP's easements and for nuisance.  There can be no doubt that § 18.2-499 applies to these underlying torts and unlawful actions.  The statute is not vague as applied to defendants' conduct.

In assessing defendants' contention that the statute is void, the Court should consider the statute's history and the cases that have upheld verdicts under it.  The statute has been applied in numerous reported state cases and federal cases.  *E.g., Adnet, Inc. v. Soni*, 66 F.4th 510, 521 (4th Cir. 2023); *L-3 Commc'ns Corp. v. Serco, Inc.*, 926 F.3d 85, 92 (4th Cir. 2019); *Sidya v. World Telecom Exch. Commc'ns, LLC*, 870 S.E.2d 199, 204 (Va. 2022); *Dunlap v. Cottman Transmission Sys., LLC*, 754 S.E.2d 313, 317 (Va. 2014).  There is no case finding it unconstitutionally vague or void.  Finally, the courts have upheld similar statutes against claims of vagueness.  *See Heard v. Rizzo*, 281 F. Supp. 720, 738-39 (E.D. Pa. 1968), *aff'd,* 392 U.S. 646 (1968); *Aikens v. State of Wisconsin*, 195 U.S. 194, 203-04 (1904).

Defendants have given notice of their constitutional challenge to the Attorney General of Virginia as required by Rule 5.1.  The Court must wait until the Attorney General intervenes, or the time to intervene has expired, before entering an order holding the statute unconstitutional.  Fed. R. Civ. P. 5.1(c).  However, the Court may reject the constitutional challenge before the time to intervene has expired.  *Id.*

IV.     CONCLUSION

For the foregoing reasons, defendants' motion to dismiss under Rule

12(b)(6) should be denied.

Respectfully submitted,

MOUNTAIN VALLEY PIPELINE, LLC

By Counsel

Wade W. Massie
 VSB No. 16616
Seth M. Land
 VSB No. 75101
PENN, STUART & ESKRIDGE
P. O. Box 2288
Abingdon, Virginia  24212
Telephone:  276-628-5151
Facsimile:  276-628-5621
wmassie@pennstuart.com
sland@pennstuart.com

By  */s/ Wade W. Massie*
        Wade W. Massie

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of July, 2024, the foregoing

document was electronically filed with the Clerk of the Court using the CM/ECF system,

which will send notification of such filing to counsel of record.

*/s/ Wade W. Massie*
        Wade W. Massie

14