# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Roanoke Division

MOUNTAIN VALLEY PIPELINE, LLC,

    Plaintiff,

v.

ANDREW DEE HINZ
KAREN S. BIXLER,

    Defendants.

Case No. 7:24-cv-352

## THE COMMONWEALTH'S BRIEF IN OPPOSITION TO THE MOTION TO DISMISS
## UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Jason S. Miyares
   *Attorney General*

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-2071 – Telephone
(804) 786-1991 – Facsimile
SolicitorGeneral@oag.state.va.us

Erika L. Maley (VSB #97533)
   *Solicitor General*

Graham K. Bryant (VSB #90592)
   *Deputy Solicitor General*

Michael Dingman (VSB #95762)
   *Assistant Solicitor General*

*Counsel for Intervenor
the Commonwealth of Virginia*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................. 2

LEGAL STANDARD .......................................................................................................... 2

ARGUMENT ....................................................................................................................... 3

    I.    Virginia Code § 18.2-499 is constitutional ............................................................ 3

    II.   Hinz and Bixler may not raise a facial challenge ................................................ 12

CONCLUSION .................................................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen Realty Corp. v. Holbert*,
 318 S.E.2d 592 (Va. 1984)..................................................................................................5

*Almy v. Grisham*,
 639 S.E.2d 182 (Va. 2007)................................................................................................13

*American Comms. Assn. v. Douds*,
 339 U.S. 382 (1950)............................................................................................................7

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)......................................................................................................2, 13

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007)............................................................................................................2

*Carter v. Commonwealth*,
 606 S.E.2d 839 (Va. 2005)................................................................................................12

*Centro Tepeyac v. Montgomery Cnty.*,
 722 F.3d 184 (4th Cir. 2013) ............................................................................................11

*Chambliss v. Commonwealth*,
 749 S.E.2d 212 (Va. App. 2013).......................................................................................11

*Coates v. City of Cincinnati*,
 402 U.S. 611 (1971).......................................................................................................4, 7

*Commercial Bus. Sys., Inc. v. Bellsouth Servs., Inc.*,
 453 S.E.2d 261 (Va. 1995)......................................................................................... passim

*Doe v. Cooper*,
 842 F.3d 833 (4th Cir. 2016) .............................................................................................4

*Dunlap v. Cottman Transmission Sys., LLC*,
 754 S.E.2d 313 (Va. 2014)........................................................................................ passim

*Falden v. Commonwealth*,
 189 S.E. 326 (Va. 1937)....................................................................................................11

*Gallop v. Sharp*,
 19 S.E.2d 84 (Va. 1942)......................................................................................................5

*Grayned v. City of Rockford*,
    408 U.S. 104 (1972)..................................................................................................3, 7

*Greenspan v. Osheroff*,
    351 S.E.2d 28 (Va. 1986)................................................................................................9

*Greenville Women's Clinic v. Commissioner, S.C. Dep't of Health & Env't Control*,
    317 F.3d 357 (4th Cir. 2002) ..........................................................................................3

*Hill v. Colorado*,
    530 U.S. 703 (2000).....................................................................................................3, 5

*Holder v. Humanitarian L. Project*,
    561 U.S. 1 (2010).................................................................................................5, 8, 12

*Jews for Jesus, Inc. v. Jewish Cmty. Rels. Council of New York, Inc.*,
    968 F.2d 286 (2d Cir. 1992)............................................................................................7

*Kolender v. Lawson*,
    461 U.S. 352 (1983).................................................................................................4, 8, 13

*Koster v. P & P Enters., Inc.*,
    539 N.W.2d 274 (Neb. 1995).........................................................................................5

*Lumumba v. Kiser*,
    --- F.4th ---, 2024 WL 4097525 (4th Cir. Sept. 6, 2024) ................................... *passim*

*Minnesota v. Probate Court*,
    309 U.S. 270 (1940).......................................................................................................10

*Recht v. Morrisey*,
    32 F.4th 398 (4th Cir. 2022) ......................................................................................6, 12

*Rose v. Locke*,
    423 U.S. 48 (1975).....................................................................................................1, 11

*Roth v. United States*,
    354 U.S. 476 (1957).........................................................................................................4

*Smith v. Goguen*,
    415 U.S. 566 (1974).....................................................................................................7, 8

*Texaco, Inc. v. Short*,
    454 U.S. 516 (1982).........................................................................................................3

*United States v. Bollinger*,
    798 F.3d 201 (4th Cir. 2015) ..........................................................................................3

iii

*United States v. Bronstein*,
    849 F.3d 1101 (D.C. Cir. 2017) ................................................................................... 3, 4

*United States v. Cueto*,
    151 F.3d 620 (7th Cir. 1998) ............................................................................................ 6

*United States v. Davis*,
    588 U.S. 445 (2019) .................................................................................................. 10, 11

*United States v. Derezinski*,
    945 F.2d 1006 (8th Cir. 1991) .......................................................................................... 6

*United States v. Hosford*,
    843 F.3d 161 (4th Cir. 2016) .......................................................................................... 12

*United States v. Miselis*,
    972 F.3d 518 (4th Cir. 2020) ................................................................................. *passim*

*United States v. Whorley*,
    550 F.3d 326 (4th Cir. 2008) .......................................................................................... 11

*United States v. Williams*,
    553 U.S. 285 (2008) ................................................................................................ *passim*

*Wainwright v. Stone*,
    414 U.S. 21 (1973) .......................................................................................................... 10

*Ward v. Rock Against Racism*,
    491 U.S. 781 (1989) .......................................................................................................... 3

*Werth v. Fire Companies' Adjustment Bureau*,
    171 S.E. 255 (Va. 1933) .................................................................................................... 4

*West Va. Transp. Co. v. Standard Oil Co.*,
    40 S.E. 591 (W. Va. 1901) ............................................................................................... 4

*Winters v. New York*,
    333 U.S. 507 (1948) ........................................................................................................ 10

**Statutes**

Virginia Code § 18.2-499 ............................................................................................ *passim*

**Other Authorities**

Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal
    Texts (1st ed. 2012) ..................................................................................................... 6, 10

Bryan A. Garner *et al.*, The Law of Judicial Precedent (1st ed. 2016) ................................ 8, 10

## INTRODUCTION

Virginia Code § 18.2-499 is not void for vagueness. The Supreme Court of Virginia has conclusively interpreted that statute to impose liability on those who conspire to commit an unlawful act with legal malice. The statute does not apply to those who act lawfully in exercising First Amendment rights, and it provides ample notice to the public of the conduct it penalizes.

A statute need not achieve perfect clarity to survive a void-for-vagueness challenge. Instead, it need only provide fair notice to the public of the behavior it requires and minimal guidelines for its enforcement. Thus that "trained lawyers" must "consult legal dictionaries, treatises, and judicial opinions" to understand a statute does not make it unconstitutionally vague. *Rose v. Locke*, 423 U.S. 48, 50 (1975). All that the Due Process Clause requires is that a reader may "be able to discern what sort of 'incriminating fact' must be established" for a violation of the statute. *United States v. Miselis*, 972 F.3d 518, 546 (4th Cir. 2020) (quoting *United States v. Williams*, 553 U.S. 285, 306 (2008)). Code § 18.2-499 passes that test by providing an additional penalty for conspiring to commit already-unlawful conduct in concert with others. Moreover, the Supreme Court of Virginia has provided an authoritative definition of the only term that defendants Andrew Dee Hinz and Karen S. Bixler argue is vague. Any remaining uncertainty does not rise to constitutional proportions.

The party invoking the void-for-vagueness doctrine bears the burden of demonstrating that a statute is unconstitutionally vague, but Hinz and Bixler do not come close to meeting that burden. To begin, Fourth Circuit precedent bars their facial challenge because the statute clearly prohibits their conduct. Hinz and Bixler otherwise loosely invoke general due-process principles, attempt to inject ambiguity into the statute, and misunderstand the role of judicial precedent. Because binding precedent forecloses these attempts to misconstrue the inquiry, this Court should hold that Code § 18.2-499 is not unconstitutionally vague.

1

## BACKGROUND

Mountain Valley Pipeline, LLC (MVP) filed a complaint, ECF No. 1, against Hinz and Bixler alleging that they "attached themselves to a disabled vehicle on Honeysuckle Road in Roanoke County," blocking traffic and requiring law enforcement to extract them. Compl. ¶¶ 12–13. MVP further alleged that Hinz and Bixler "acted willfully, intentionally, and maliciously for the purpose of interfering with MVP's rights and authorized work" by blocking access to MVP's project and causing delays. Compl. ¶¶ 14–16. MVP asserted various causes of action, including statutory conspiracy based on alleged violations of Virginia's business conspiracy statute, Virginia Code § 18.2-499. Compl. ¶¶ 49–53. Hinz and Bixler moved to dismiss the complaint arguing, among other things, that the statutory conspiracy claim should be dismissed because Code § 18.2-499 "is unconstitutionally vague, both on its face and as applied to Defendants." ECF No. 10; see Mem. in Supp. of Mot. to Dismiss at 5–15 (ECF No. 11) (hereinafter Defendants' Memo). The Attorney General of Virginia received notice of this challenge to the constitutionality of Code § 18.2-499 and moved to intervene on behalf of the Commonwealth pursuant to Federal Rule of Civil Procedure 5.1 solely to defend the statute's constitutionality. ECF No. 21. This Court granted that motion, ECF No. 24, and the Commonwealth now files this opposition to Hinz and Bixler's motion to dismiss limited to the question of whether Code § 18.2-499 is unconstitutionally vague under the Due Process Clause.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Whether a statute is unconstitutionally vague is a legal question. *Miselis*, 972 F.3d at 525. "Every statute is

2

presumed to be constitutional," so courts may "invalidate a [legislative] enactment only upon a plain showing that [the legislature] has exceeded its constitutional bounds." *United States v. Bollinger*, 798 F.3d 201, 207 (4th Cir. 2015) (alteration and quotation omitted).

## ARGUMENT

### I. Virginia Code § 18.2-499 is constitutional

Hinz and Bixler's challenge to Code § 18.2-499's constitutionality fails. State-law conspiracy statutes, like this one, are not unconstitutionally vague under the Due Process Clause of the Fourteenth Amendment. See *Williams*, 553 U.S. at 307. The vagueness doctrine provides that a statute may be unconstitutionally vague for either of two independent reasons: "First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. Second, if it authorizes or even encourages arbitrary and discriminatory enforcement." *Greenville Women's Clinic v. Commissioner, S.C. Dep't of Health & Env't Control*, 317 F.3d 357, 366 (4th Cir. 2002) (quoting *Hill v. Colorado*, 530 U.S. 703, 732 (2000)). Hinz and Bixler rely solely on the first basis, but their argument fails because Code § 18.2-499 is not "so unclear with regard to what conduct is prohibited that it 'may trap the innocent by not providing fair warning.'" *Id.* (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)).

"A litigant must make a high showing before [a court] will strike down a [statute] as void for vagueness." *Lumumba v. Kiser*, --- F.4th ---, 2024 WL 4097525, at *9 (4th Cir. Sept. 6, 2024). A statute need not achieve "perfect clarity and precise guidance." *Williams*, 553 U.S. at 304. Rather, it need only provide "fair notice" of the proscribed conduct. *Ibid*. That is so even when considering "regulations that restrict expressive activity." *Ibid*. "Generally, a legislature need do nothing more than enact and publish the law, and afford the citizenry a reasonable opportunity to familiarize itself with its terms and to comply." *Texaco, Inc. v. Short*, 454 U.S. 516, 532 (1982) (quoting *Ward v. Rock Against Racism*, 491 U.S. 781, 794 (1989)); see *United States v. Bronstein*,

3

849 F.3d 1101, 1107 (D.C. Cir. 2017) (applying this principle to a vagueness challenge). Statutory terms therefore need "not mean the same thing to all people, all the time, everywhere" to be constitutional. *Bronstein*, 849 F.3d at 1107 (cleaned up and quoting *Roth v. United States*, 354 U.S. 476, 491 (1957)). A statute gives adequate notice if "it requires a person to conform his conduct to an imprecise but comprehensible normative standard," and it is unconstitutionally vague only if "no standard of conduct is specified at all." *Coates v. City of Cincinnati*, 402 U.S. 611, 614 (1971); see *Doe v. Cooper*, 842 F.3d 833, 842 (4th Cir. 2016); see also *Bronstein*, 849 F.3d at 1107 (noting that "applying the rules for interpreting legal texts" is necessary before determining whether a statute is unconstitutionally vague). In considering a vagueness challenge to a state statute, a federal court "must" interpret the statute "precisely as the highest court of the State has." *Kolender v. Lawson*, 461 U.S. 352, 355 n.4 (1983) (quotation omitted). And the court should apply "statutory definitions, narrowing context, or settled legal meanings" when addressing both facial and as-applied challenges. *Williams*, 553 U.S. at 306.

Hinz and Bixler contend that Code § 18.2-499 would capture "a wide variety" of legal and constitutionally protected conduct but for its inclusion of "[a] single word—'maliciously,'" which they assert is vague. Defendants' Memo 8–9. This argument misinterprets the statute's scope. Code § 18.2-499 is a conspiracy statute, which means that it does not reach lawful conduct at all: "there can be no conspiracy to do an act that the law allows." *Dunlap v. Cottman Transmission Sys., LLC*, 754 S.E.2d 313, 317 (Va. 2014); see also, *e.g.*, *Werth v. Fire Companies' Adjustment Bureau*, 171 S.E. 255, 259 (Va. 1933) ("[T]here can be no conspiracy to do a legitimate act,—an act which the law allows,—nor malice therein. To give action there must not only be conspiracy, but conspiracy to do a wrongful act." (quoting *West Va. Transp. Co. v. Standard Oil Co.*, 40 S.E. 591, 594 (W. Va. 1901))). An action for business conspiracy under Code § 18.2-499 therefore "lie[s] only if a

4

plaintiff sustains damages as a result of an act that is itself wrongful or tortious." *Dunlap*, 754 S.E.2d at 317. The "conspiracy is not independently actionable;" instead, the statute merely provides "a means for establishing vicarious liability for the underlying tort" for those who participated in the conspiracy. *Ibid.* (quoting *Koster v. P & P Enters., Inc.*, 539 N.W.2d 274, 278 (Neb. 1995)).

Given these limitations on the scope of civil conspiracy statutes like Code § 18.2-499, Virginia's statute provides clear notice of the conduct it proscribes. A person violates Code § 18.2-499 by (1) combining with at least one other person by some concerted action, (2) to act unlawfully or to accomplish an unlawful purpose, (3) in order to "injur[e] another in his reputation, trade, business or profession," (4) to do so "willfully and maliciously," meaning "with legal malice, *i.e.*, 'intentionally, purposely, and without lawful justification,'" and (5) causing injury to the plaintiff. Code § 18.2-499; *Dunlap*, 754 S.E.2d at 316–17 (quoting *Commercial Bus. Sys., Inc. v. Bellsouth Servs., Inc.*, 453 S.E.2d 261, 267 (Va. 1995)); see *Allen Realty Corp. v. Holbert*, 318 S.E.2d 592, 596 (Va. 1984). As the Supreme Court of Virginia has explained, the "gist" of this statutory business conspiracy "is the damage caused by the acts committed in pursuance of the formed conspiracy and not the mere combination" of people. *Dunlap*, 754 S.E.2d at 316 (quoting *Gallop v. Sharp*, 19 S.E.2d 84, 86 (Va. 1942)). "The basis of the action is the wrong which is done under the conspiracy and which results in damage to the plaintiff . . . as the effective result of the conspiracy." *Id.* at 316–17 (quoting *Gallop*, 19 S.E.2d at 86).

The business conspiracy statute is constitutional. By imposing a scienter requirement, the statute "reduces any potential for vagueness." *Holder v. Humanitarian L. Project*, 561 U.S. 1, 21 (2010); *Hill*, 530 U.S. at 732–33 (same). The limited scope and "settled legal meaning[]" of conspiracy statutes, together with the specific elements set forth in Code § 18.2-499, further

5

provide "narrowing context" that eliminates any risk of inadequate notice. *Williams*, 553 U.S. at 306; see *Miselis*, 972 F.3d at 544–45. The Constitution requires only that a court "be able to discern what sort of incriminating fact must be established" to violate the statute, even if "it may prove difficult to determine whether that fact has been proved in some cases." *Miselis*, 972 F.3d at 546 (quotations omitted). After all, "[c]lose cases can be imagined under virtually any statute." *Williams*, 553 U.S. at 306 ("What renders a statute vague is . . . the indeterminacy of precisely what th[e] fact [that must be proved] is."). Unsurprisingly then, courts have recognized that conspiracy statutes—despite necessarily being "framed in general terms" because "it is impossible for [legislatures] to anticipate, identify, and define each and every context in which an agreement to act would qualify as a conspiracy"—are not void for vagueness. *United States v. Cueto*, 151 F.3d 620, 635 (7th Cir. 1998) (rejecting similar void-for-vagueness challenge to federal statute prohibiting conspiracy to defraud the United States); *United States v. Derezinski*, 945 F.2d 1006, 1011 (8th Cir. 1991) (similar). Code § 18.2-499's "run-of-the-mill statutory phrases" are not unconstitutionally vague. *Lumumba*, 2024 WL 4097525 at *10.

Hinz and Bixler's primary argument is that it is unclear what conduct satisfies the statute's "maliciously" element. But the Supreme Court of Virginia has authoritatively defined "maliciously" as used in Code § 18.2-499 to refer to "legal malice," *Dunlap*, 754 S.E.2d at 317, so the word is "to be understood according to that construction," Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 322 (1st ed. 2012); see *Williams*, 553 U.S. at 306 (instructing courts to consider "settled legal meanings"). "That some smidgen of ambiguity remains" in construing the statute in light of the Supreme Court of Virginia's guidance "is no reason to find [the] statute unconstitutionally vague." *Recht v. Morrisey*, 32 F.4th 398, 415 (4th Cir. 2022). The Supreme Court has recognized the truth that "the fertile legal 'imagination can

6

conjure up hypothetical cases in which the meaning of [statutory] terms will be in nice question,'" but that is irrelevant to the Due Process Clause's protections. *Grayned v. City of Rockford*, 408 U.S. 104, 110 n.15 (1972) (quoting *American Comms. Assn. v. Douds*, 339 U.S. 382, 412 (1950)). "Condemned to the use of words, we can never expect mathematical certainty from our language." *Id.* at 110. Close cases are "addressed, not by the doctrine of vagueness, but by the requirement of proof," as "courts and juries every day pass upon knowledge, belief and intent—the state of men's minds." *Williams*, 553 U.S. at 306 (quoting *Douds*, 339 U.S. at 411). Because Hinz and Bixler do not demonstrate that Code § 18.2-499 specifies "no standard of conduct . . . at all," *Coates*, 402 U.S. at 614, it is "[n]o more" vague than the many other "laws against fraud, conspiracy, or solicitation" that courts have upheld, *Williams*, 553 U.S. at 307.

Hinz and Bixler's remaining arguments lack merit. First, no heightened standard for First Amendment-related vagueness challenges applies here. The Due Process Clause only "demands a greater degree of specificity" in cases "[w]here a statute's literal scope, *unaided by a narrowing state court interpretation*, is capable of reaching expression sheltered by the First Amendment." *Smith v. Goguen*, 415 U.S. 566, 573 (1974) (emphasis added); *cf. Miselis*, 972 F.3d at 546 (rejecting vagueness argument involving conduct that was not "protected advocacy"). Not so here. Code § 18.2-499 is a conspiracy statute, and therefore does not reach otherwise lawful conduct— including expressive conduct protected by the First Amendment. *Dunlap*, 754 S.E.2d at 317; see pp. 4–5, *supra*. The statute requires that the plaintiff suffer an injury from a defendant's conduct "that is itself wrongful or tortious" before liability under the statute will lie. *Dunlap*, 754 S.E.2d at 317. Hinz and Bixler contend that their actions were justified by unrelated policy beliefs, not that they were protected First Amendment activity. Defendants' Memo 14–15; *cf. Jews for Jesus, Inc. v. Jewish Cmty. Rels. Council of New York, Inc.*, 968 F.2d 286, 295 (2d Cir. 1992) ("[S]imply

7

because speech or other expressive conduct can in some circumstances be the vehicle for violating a statute directed at regulating conduct does not render that statute unconstitutional."). And Hinz and Bixler do not argue that Code § 18.2-499 violates the First Amendment. See *Miselis*, 972 F.3d at 525 (distinguishing a vagueness challenge from whether a statute "treads too far upon constitutionally protected speech"); see also *Humanitarian L. Project*, 561 U.S. at 20 ("[A] Fifth Amendment vagueness challenge does not turn on whether a law applies to a substantial amount of protected expression."). Because Code § 18.2-499 does not reach protected First Amendment activity, and Hinz and Bixler do not claim to have engaged in "expression sheltered by the First Amendment," the heightened standard is inapplicable. *Smith*, 415 U.S. at 573.

Next, the assertion that a person cannot understand what Code § 18.2-499 means because the Supreme Court of Virginia has changed its interpretation of the statute's malice requirement also fails. Defendants' Memo 10–11. Federal courts "must" interpret the statute "precisely as the highest court of the State has" when considering vagueness challenges. *Kolender*, 461 U.S. at 355 n.4 (quotation omitted); *Williams*, 553 U.S. at 306. Here, the Supreme Court of Virginia has authoritatively interpreted Code § 18.2-499 to require legal malice, not actual malice. *Dunlap*, 754 S.E.2d at 317 (citing *Commercial Bus. Sys.*, 453 S.E.2d at 267). Regardless of whether that court interpreted the malice requirement differently in an earlier case, Defendants' Memo 10–11, the Supreme Court of Virginia "may overturn its own prior decision." Bryan A. Garner *et al*., The Law of Judicial Precedent 35 (1st ed. 2016). The Supreme Court of Virginia's controlling construction of the malice element is plain. *Dunlap*, 754 S.E.2d at 317 ("[A] plaintiff must establish by clear and convincing evidence only that the conspirators acted with legal malice, *i.e.*, 'intentionally, purposely, and without lawful justification.'" (quoting *Commercial Bus. Sys.*, 453 S.E.2d at 267)).

8

In any event, the Supreme Court of Virginia has not taken "inconsistent approaches to defining malice under this statute." Defendants' Memo 11 n.4. Hinz and Bixler point to *Greenspan v. Osheroff*, 351 S.E.2d 28 (Va. 1986), as establishing a competing malice standard that created its own "line of authorities," but this argument misreads the Supreme Court of Virginia's cases. Defendants' Memo 10–11. *Greenspan* involved a business conspiracy claim pursuant to Code § 18.2-499 in which the defendant asserted that "even if malice is found," "the presence of benign motives, found by the [trial] court to coexist with his malicious motive, should constitute a defense" to the statutory conspiracy claim. *Greenspan*, 351 S.E.2d at 35. The Supreme Court of Virginia rejected this defense, explaining that in cases where a defendant has both legitimate and malicious motivations, "the element of malice required by Code § 18.2-499 is established, notwithstanding any additional motives entertained by the defendant," if "the defendant's primary and overriding purpose is to injure his victim in his reputation, trade, business or profession, motivated by hatred, spite, or ill-will." *Id.* at 35–36. The Supreme Court of Virginia again considered Code § 18.2-499's malice standard in *Commercial Business Systems, Inc. v. Bellsouth Services, Inc.*, in which it rejected the defendant's reliance on the "primary and overriding purpose" language from *Greenspan*. 453 S.E.2d at 267. The Court distinguished *Greenspan* as answering a different question; it explained that *Greenspan* involved "the context where the conspirator had both legitimate and illegitimate motives," whereas, "[i]n the present case, all of [the defendant's] motives were illegitimate." *Ibid*. Regardless, the Court confirmed that the statute "merely require[s] proof of legal malice, *i.e.*, that [the defendant] acted intentionally, purposely, and without lawful justification." *Ibid.* (citing cases predating *Greenspan* for the legal malice standard). The Court's most recent case addressing Code § 18.2-499's malice element confirms

9

that the legal malice standard controls. *Dunlap*, 754 S.E.2d at 317 (citing *Commercial Bus. Sys.*, 453 S.E.2d at 267).

Defendants' identification of two state trial court cases that cite the *Greenspan* language does not overcome the Supreme Court of Virginia's controlling construction of Code § 18.2-499 or otherwise advance a vagueness argument. Defendants' Memo 11. To the contrary, the Supreme Court has instructed courts considering whether a state statute is unconstitutionally vague to "take the statute as though it read precisely as the highest court of the State has interpreted it." *Wainwright v. Stone*, 414 U.S. 21, 23 (1973) (quoting *Minnesota v. Probate Court*, 309 U.S. 270, 514 (1940)). The state court of last resort's interpretation of a challenged statute controls that statute's meaning "as definitely as if it had been so amended by the legislature," and "claims of impermissible vagueness must be judged in that light." *Ibid.* (quoting *Winters v. New York*, 333 U.S. 507, 514 (1948)). Nor is a statute unconstitutionally vague simply because a state court of last resort may later overrule its prior interpretation of that statute. See Defendants' Memo 11 n.4. The truism that a court may overrule its own precedent does not provide *carte blanche* for litigants to claim that a statute's meaning cannot be determined. See Garner *et al.*, *supra* at 35–43. Hinz and Bixler's arguments fail under the black-letter principle that statutory terms "that have already received authoritative construction by the jurisdiction's court of last resort . . . are to be understood according to that construction." Scalia & Garner, *supra* at 322.

Next, the argument that this Court should ignore the Supreme Court of Virginia's precedents—along with any other statutory-interpretation tool—in conducting its void-for-vagueness analysis is wholly unsupported. Defendants' Memo 9–13. Hinz and Bixler acknowledge that courts should "examine both the statute itself and any limiting constructions from state courts," but suggest that *United States v. Davis*, 588 U.S. 445 (2019), has called into question "the

10

continued viability of this practice." Defendants' Memo 10. It does no such thing. *Davis* involved construction of a *federal* statute and so did not involve or address the Supreme Court's longstanding requirement that federal courts considering vagueness challenges defer to interpretations of state statutes by the state courts of last resort. *Davis*, 588 U.S. at 448. Moreover, the vagueness analysis presumes that "[e]ven trained lawyers may find it necessary to consult legal dictionaries, treatises, and judicial opinions before they may say with any certainty what some statutes may compel or forbid." *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 191 n.4 (4th Cir. 2013) (quoting *Rose*, 423 U.S. at 50). The Constitution requires only "a reasonable opportunity to understand what" the statute prohibits, *United States v. Whorley*, 550 F.3d 326, 333 (4th Cir. 2008), which "statutory definitions, narrowing context, or settled legal meanings" provide. *Williams*, 553 U.S. at 306. The Supreme Court of Virginia's controlling construction of Code § 18.2-499 satisfies the Due Process Clause.

Hinz and Bixler's argument that the statute is vague because it provides for criminal liability also fails. Defendants' Memo 12–13. That argument does not explain how the asserted "heightened scrutiny required in the case of criminal statutes" makes a difference here, and it does not. Defendants' Memo 12. Hinz and Bixler complain that one may be guilty of a conspiracy even if the conspirators do not commit "any action" to further their unlawful ends. *Ibid*. But they do not explain why that renders the statute vague. Indeed, the absence of an action requirement is unsurprising because in Virginia, "the crime of conspiracy is complete when the parties agree to commit an offense; Virginia does not require proof of an overt act in furtherance of the conspiracy." *Chambliss v. Commonwealth*, 749 S.E.2d 212, 216 (Va. App. 2013); see *Falden v. Commonwealth*, 189 S.E. 326, 327 (Va. 1937). Hinz and Bixler further argue that because Code § 18.2-499 "defin[es] a criminal law violation with reference to tortious activity," the Supreme

11

Court of Virginia's "'legal malice' construction necessarily renders" the statute "impermissibly vague." Defendants' Memo 13. But again, they cite no authority to support that assertion and ignore that the law treats many acts as both tort and crime, even if they share the same elements. *E.g.*, *Carter v. Commonwealth*, 606 S.E.2d 839, 841 (Va. 2005) (holding that "common law assault" requires the same elements "whether a crime or tort"). These unsupported arguments are unavailing.

Finally, it is irrelevant that cases might arise that test the statute's outer bounds. Defendants' Memo 14–15. "[T]he mere fact that close cases can be envisioned" does not render a statute vague. *Williams*, 553 U.S. at 305; see *Recht*, 32 F.4th at 415. Code § 18.2-499 provides fair notice of the conduct it prohibits and therefore satisfies the Due Process Clause's requirements.

## II.     Hinz and Bixler may not raise a facial challenge

This Court should reject Hinz and Bixler's facial challenge to the statute for the additional reason that they engaged in clearly proscribed conduct. "Not just any litigant can bring a facial vagueness challenge." *Lumumba*, 2024 WL 4097525, at *9. "A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Ibid.* (quoting *Humanitarian L. Project*, 561 U.S. at 20); see *United States v. Hosford*, 843 F.3d 161, 170 (4th Cir. 2016) ("[I]f a law clearly prohibits a defendant's conduct, the defendant cannot challenge, and a court cannot examine, whether the law may be vague for other hypothetical defendants."). Significantly, the Fourth Circuit recently recognized that "[t]his [rule] is true 'even to the extent a heightened vagueness standard applies' due to First Amendment implications; for the 'rule makes no exception for conduct in the form of speech'" or other expression protected by the First Amendment. *Lumumba*, 2024 WL 4097525 at *9 (quoting *Humanitarian L. Project*, 561 U.S. at 20). Hinz and Bixler's assertion that they "may bring a facial vagueness or overbreadth challenge to a statute implicating First Amendment activity" without

12

first showing that it is vague as applied to them is therefore incorrect. Defendants' Memo 7. Accordingly, if Code § 18.2-499 "clearly proscribes [Hinz and Bixler's] conduct," they cannot bring a facial challenge. *Lumumba*, 2024 WL 4097525 at *9.

Code § 18.2-499 clearly proscribes Hinz and Bixler's conduct as alleged in the complaint. Although Hinz and Bixler assert that the statute is void as it applies "to those prosecuted and sued for principled acts of nonviolent civil disobedience," they cite no authority for that proposition and concede that their own conduct was unlawful. Defendants' Memo 14–15 (acknowledging the "consequences for engaging in civil disobedience" and not otherwise arguing that their actions were lawful); Defendants' Reply in Supp. of Mot. to Dismiss 10 (ECF No. 17) (acknowledging that their conduct constituted "misdemeanor-level civil disobedience"). Hinz and Bixler again attempt to inject ambiguity into the term "maliciously" as used in the statute, Defendants' Memo at 14–15, but that term is unambiguous under controlling Supreme Court of Virginia precedent, *Kolender*, 461 U.S. at 355 n.4; see *Dunlap*, 754 S.E.2d at 317 (citing *Commercial Bus. Sys.*, 453 S.E.2d at 267); pp. 6–11, *supra*. The complaint alleges that Hinz and Bixler, with the "purpose of interfering with MVP's rights," acted in concert with other protestors to unlawfully "attach[] themselves to a disabled vehicle" that was "positioned to block traffic" and "prevent workers and equipment from reaching MVP's easements," until they were "extracted by law enforcement." Compl. ¶¶ 13–16. The requisite underlying torts arise from that conduct. *Id.* ¶¶ 18–33; see *Dunlap*, 754 S.E.2d at 317 ("[I]n Virginia, a common law claim of civil conspiracy generally requires proof that the underlying tort was committed." (quoting *Almy v. Grisham*, 639 S.E.2d 182, 188 (Va. 2007))). Taking the complaint's allegations "as true," *Iqbal*, 556 U.S. at 678, the allegations establish that Hinz and Bixler intentionally, purposefully, and without lawful justification acted in concert with others to "injur[e] another in his reputation, trade, business or profession by any

13

means whatever." Va. Code § 18.2-499; see *Dunlap*, 754 S.E.2d at 317. Because Hinz and Bixler were "clearly engaging in precisely the sort of conduct that [Virginia Code § 18.2-499] prohibits," they "cannot challenge the [statute] as facially vague." *Lumumba*, 2024 WL 4097525 at *9.

## CONCLUSION

For the foregoing reasons, this Court should reject Hinz and Bixler's motion to dismiss at least to the extent that it argues that Virginia Code § 18.2-499 is unconstitutional.

Dated: October 1, 2024

Respectfully submitted,

**COMMONWEALTH OF VIRGINIA**

By: */s/ Graham K. Bryant*
Graham K. Bryant (VSB #90592)
*Deputy Solicitor General*

Jason S. Miyares
*Attorney General*

Erika L. Maley (VSB #97533)
*Solicitor General*

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-2071 – Telephone
(804) 786-1991 – Facsimile
SolicitorGeneral@oag.state.va.us

Michael Dingman (VSB #95762)
*Assistant Solicitor General*

*Counsel for Intervenor Commonwealth of Virginia*

## CERTIFICATE

I hereby certify that on October 1, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all parties of record.

By: */s/ Graham K. Bryant*
Graham K. Bryant

14