IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case Number: 7:24CV00352 |
| ANDREW DEE HINZ, | ) | |
| and | ) | |
| KAREN S. BIXLER, | ) | |
| Defendants. | ) | |

**REPLY TO COMMONWEALTH'S BRIEF AND IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT SIX**

In support of their Motion to Dismiss pursuant to Federal Rule 12(b)(6) of Civil Procedure and in reply to the Commonwealth's Brief in Opposition, Defendants Andrew Dee Hinz and Karen S. Bixler ("Defendants") respectfully direct this Court's attention to the following points and authorities.

I. The plain text of Va. Code § 18.2-499 is indeterminate with respect to the scienter element that must be proved to establish that a defendant is guilty or liable.

As the Commonwealth points out, "[c]lose cases can be imagined under virtually any statute", and "[w]hat renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is." *United States v. Williams*, 553 U.S. 285, 306 (2008).

The due process problem with Va. Code § 18.2-499 is not that it will sometimes be difficult to determine whether a defendant has acted "maliciously." Rather, the due

process problem is that § 18.2-499 has been interpreted – and is being applied here – to encompass conduct far beyond the ordinary or "everyday" understanding of what it means to act maliciously. *See Matheny v. United States*, 469 F. 3d 1093, 1097 (7th Cir. 2006) ("Sometimes ['malice'] means ill will, hatred, 'evil design,' or, in short, 'malice' in its everyday sense."); *United States v. Rice*, 36 F. 4th 578, 583 n.6 (2022) ("Because this is a criminal statute, the way ordinary speakers would understand the language of the law is particularly important.").

By interpreting § 18.2-499 to require only that a defendant act with legal malice – i.e., intentionally, purposely, and without lawful justification – the Supreme Court of Virginia has essentially read the scienter requirement of "malicious" action out of the statute entirely, rendering it wholly superfluous to the statute's requirements that a defendant "willfully" conspire to do an act which the law does not allow. See Commonwealth's Brief in Opposition (Dkt. 26), p.4 [PDF p. 9]. The watered-down scienter requirement that remains fails to provide defendants with "fair notice * * * of the severity of the penalty" that the Commonwealth may impose for their conduct. *See United States v. Under Seal*, 819 F. 3d 715, 726 (4th Cir. 2016) (quoting *BMV of N. Am. v. Gore*, 517 U.S. 559, 574 (1996)).

## II. *United States v. Davis* makes clear that courts may not construe criminal statutes to penalize conduct that is not clearly proscribed.

The Commonwealth gives short shrift to *United States v. Davis*, 588 U.S. 445 (2019), a leading vagueness case that post-dates all other Supreme Court authority cited in its brief. Distinguishing *Davis* on the grounds that it involved construction of a federal statute, the Commonwealth fails to acknowledge the simple and straightforward

proposition, equally applicable to state and federal laws, set forth within: "Respect for due process and the separation of powers suggest that *a court may not * * * construe a criminal statute to penalize conduct it does not clearly proscribe*." *Id.* at 464 (emphasis added).1 *Davis* makes clear that an otherwise impermissibly vague criminal statute cannot be rescued from its due process infirmities by an expansive clarifying interpretation. *See id.* at 463 (citing *United States v. Simms*, 914 F. 3d 229, 256-57 (4th Cir. 2019) (en banc) (Wynn, J., concurring)). While it is true that *Davis* and *Simms* discuss this principle in the context of constitutional avoidance and interpreting federal law, the essential Due Process rationale applies equally to state law. The Commonwealth's argument that the Supreme Court of Virginia's expansive construction of § 18.2-499 satisfies the Due Process Clause runs headlong into *Davis*.

The Commonwealth cites authorities setting forth the well-established principle that "narrowing" or "limiting" state court constructions can render otherwise vague statutes constitutionally permissible. *See Kolender v. Lawson*, 461 U.S. 352, 355 (1983) ("In evaluating a facial challenge to a state law, a federal court must, of course, consider any limiting construction that a state court or enforcement agency has proffered.") (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 494 (1982)); *Coates v. City of Cincinnati*, 402 U.S. 611, 620 (1970); *Smith v. Goguen*, 415 U.S. 566, 573 (1074); *Winters v. New York*, 333 U.S. 507, 510, 518-19 (1948); *Ward v. Rock Against Racism*, 491 U.S. 781, 795-96 (1989). This is neither surprising nor inconsistent with Defendants' position. Of course, "cases '*paring down'* federal statutes

1 None of the Fourth Circuit cases post-dating *Davis* cited by the Commonwealth call this principle into question.

to avoid constitutional shoals are legion." *Simms*, 914 F. 3d at 256 (quoting *Skilling v. United States*, 561 U.S. 358, 406 n. 43 (2010). As Judge Wynn explained in his concurrence in *Simms*, a limiting construction that pares a statute down to its "'solid core'" does not create a due process problem "because the conduct proscribed by the limiting construction necessarily falls within the scope of the conduct Congress intended to proscribe." 914 F. 3d at 256-27 (quoting *Skilling*, 561 U.S. at 408). However, "[t]he same cannot be said when a court applies the doctrine of constitutional avoidance to expand a criminal statute's reach." *Id.* at 257. *See also Davis*, 588 U.S. at 463-65.

The Commonwealth cites several Supreme Court decisions, all long predating *Davis*, for the proposition that a vagueness challenge must be evaluated in light of the state court's construction of the statute's meaning. *See* Commonwealth's Brief in Opposition, p. 1 [PDF p. 6] (citing *Rose v. Locke*, 423 U.S. 48, 50 (1975)), p. 4 [PDF p. 9] (citing *Kolender*, 461 U.S. at 355 n. 4), p. 10 [PDF p. 15] (citing *Wainwright v. Stone*, 414 U.S. 21, 23 (1973) (quoting *Minnesota v. Probate Court*, 309 U.S. 270, 514 (1940) and *Winters*, 333 U.S. at 514). *Winters*, for its part, recognized that an otherwise vague statute may be cured by a state court opinion "confining" or "restricti[ng] the reach of the statute. *Id.* at 510, 518-19. So too in *Kolender*, which recognized the role of "limiting" constructions. 461 U.S. at 355 (quoting *Village of Hoffman Estates*, 455 U.S. at 494). *Minnesota*, in turn, found no vagueness problem in light of a state court construction limiting the statutory definition of "psychopathic personality" to avoid "an unwarranted departure from the accepted meaning of the words defined" that would have risked rendering the statute unconstitutional. 309 U.S. at 525 (internal quotations omitted). All three cases are therefore fully consistent with the *Davis*/*Simms* principle

that courts cannot "construe a criminal statute to penalize conduct it does not clearly proscribe." *Davis*, 588 U.S. at 464.

Candidly, the anachronistic opinions in *Rose* and *Wainwright*, which upheld statutes criminalizing now-protected consensual sex acts2 as "crimes against nature" against vagueness challenges, are thornier for Defendants' position. Before *Davis*, these cases would arguably have foreclosed the vagueness challenge raised here. However, even on their own terms, *Rose* and *Wainwright* are distinguishable from the fair notice problems raised in instant case, wherein the "everyday" understanding of what it means to act maliciously has been read out of the statute entirely. *See Matheny*, 469 F. 3d at 1097. In any event, after *Davis*, it is clear that expansion of criminal statutes by the judiciary is intolerable.

While federal courts are of course bound by state court interpretations of state statutes, a state court interpretation of a state statute does not insulate the statute from federal constitutional review. *See*, *e.g.*, *R.A.V. v. St. Paul*, 505 U.S. 377, 412 (1992) (White, J., concurring in judgment); *New York v. Ferber*, 458 U.S. 747, 767 (1982). The Supreme Court of Virginia has the final say on what § 18.2-499 means as a matter of state law. This Court, in turn, has the ability and the obligation to decide whether § 18.2-499 provides fair notice of the conduct it prohibits to persons of ordinary intelligence. Following *Davis*, this Court should hold that the Supreme Court of Virginia's expansive construction of "malicious" in the context of § 18.2-499 is impermissible.

---

2 *See Lawrence v. Texas*, 539 U.S. 558 (2003).

## CONCLUSION

For the foregoing reasons, the Court should grant the Defendants' Motion to Dismiss and dismiss Count VI against them with prejudice.

Respectfully submitted,

ANDREW DEE HINZ AND KAREN S. BIXLER

By: /s/ Jonathan Sidney
Jonathan Sidney

Jonathan Sidney, *Pro Hac Vice*
Colorado Bar No. 52463
Ohio Bar No. 0100561
Climate Defense Project
P.O. Box 97
Forest Hill, WV
Email: jsidney@climatedefenseproject.org
Telephone: (510) 318-1549

Paul G. Beers (VSB # 26725)
Glenn, Feldmann, Darby & Goodlatte
111 Franklin Road, S.E., Suite 200
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone: (540) 224-8000
Facsimile: (540) 224-8050
Email: pbeers@glennfeldmann.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2024, I electronically filed the foregoing Reply to Commonwealth's Brief and in Support of Defendants' Motion to Dismiss Count Six with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Jonathan Sidney
Jonathan Sidney