IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case Number: 7:24CV00352 |
| ANDREW DEE HINZ, | ) | |
| and | ) | |
| KAREN S. BIXLER, | ) | |
| Defendants. | ) | |

**DEFENDANTS' AMENDED RESPONSIVE PLEADINGS TO COMPLAINT**

Now come Defendants Andrew Dee Hinz and Karen S. Bixler ("Defendants"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, and respond as follows to the Complaint filed against them by Plaintiff Mountain Valley Pipeline, LLC ("MVP").

I. Response to Amended Complaint

Without waiving any other objection to the legal sufficiency of the Complaint which they have raised or may raise, including the Complaint's failure to state a claim upon which relief can be granted and this Court's lack of jurisdiction to hear MVP's claims, Defendants answer or otherwise respond to the Complaint with corresponding numbered paragraphs. To the extent that any allegation is not admitted, it is denied, either on the basis that Defendants affirmatively know the allegation to be untrue or on the basis that Defendants lacks sufficient knowledge or information to attest that the allegation is true, except to the extent Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 to any allegation

in the Complaint. Defendants respectfully request and reserve the right to amend, alter, and supplement the Responsive Pleading and its defenses, should facts and circumstances currently unknown be revealed through the course of litigation. Defendants respond to the numbered paragraphs of the Complaint as follows:

1. Paragraphs[1] 1 state legal conclusions to which no response is required. With respect to the allegations as to Defendants in Paragraphs 1, Defendants admit that they hold a viewpoint opposed to the MVP project, but otherwise assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis. [2]

2. Plaintiff's legal authority for its activities pursuant to the Fiscal Responsibility Act of 2023 is a legal conclusion to which no response is required. The Defendants respectfully defer to the Fiscal Responsibility Act itself for its contents and date of enactment, but Defendants do not make any admission with respect to the legal conclusions posited in applying this Act to the easements in question, nor do Defendants concede the constitutionality of the Fiscal Responsibility Act of 2023.

---

[1] The Complaint contains two separate paragraphs numbered "1".

[2] To the extent there is any ambiguity, throughout this pleading, Defendants intend to assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 with respect to any and all alleged acts of Defendants and/or any alleged co-conspirators. To the extent that Defendants deny any allegations of the Amended Complaint for lack of information or otherwise, such denials should not be interpreted as denials regarding any alleged *conduct* of any Defendants and/or co-conspirators.

Of course, Defendants' assertion of the privilege against self-incrimination does not amount to a concession of the veracity of any allegations. *See, e.g.*, *Ohio v. Reiner*, 532 U.S. 17, 21 (2001) (internal quotations omitted) (emphasis in original) ("[W]e have never held . . . that the privilege is unavailable to those who claim innocence. . . . [O]ne of the Fifth Amendment's basic functions . . . is to protect *innocent* [persons] . . . who otherwise might be ensnared by ambiguous circumstances.").

Notwithstanding the conclusory Congressional findings set forth in § 324(b) of the Fiscal Responsibility Act, Defendants deny that the MVP project is in the public interest.

3. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis, except Defendants admit that they hold a viewpoint opposed to the MVP project.

4. This paragraph states a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants lack sufficient information to admit or deny that this action is properly brought under 28 U.S.C. § 1332.

5. Defendants do not dispute that there is complete diversity of citizenship between the parties.

6. Defendants lack sufficient information to admit or deny that the amount in controversy exceeds $75,000 exclusive of interest and costs.

7. Defendants do not dispute the propriety of venue, assuming federal jurisdiction exists.

8. Defendants generally lack sufficient information to admit or deny paragraph 8 of the Complaint, but admit that the MVP project crosses Roanoke County, Virginia.

9. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. Defendants lack sufficient information to admit or deny the allegations in paragraph 9 that "Honeysuckle

Road is the sole access to sections of" MVP's Roanoke County easements (including those specified in the Complaint) and that "[b]ecause Honeysuckle Road comes to a dead end past these locations, there is only one way in and one way out" and that "[i]f Honeysuckle Road is blocked, crews, tools, and equipment cannot reach these easements." Defendants otherwise assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

10. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

11. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

12. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis, except that Defendants lack sufficient information to admit or deny that MVP suffers expenses.

13. The categorization of Defendants and other protesters and their activities

as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

14. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis, except that Defendants lack sufficient information to admit or deny that MVP suffered expenses as a result of the purported protest activities alleged in the Complaint.

15. The categorization of Defendants' activity as "willful[ ], intentional[], and malicious" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis, except that, with respect to the allegation that the purported protest activities were "for the purpose of interfering with MVP's rights and authorized work on the project[,]" Defendants lack sufficient information to admit or deny allegations that MVP had the "rights" to perform and was "authorized" to perform any specific work purportedly interfered with.

16. To the extent that this paragraph asserts that Defendants have engaged in unlawful behavior, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis, except that Defendants lack sufficient information to

admit or deny that MVP suffered delay in the completion of its project or irreparable harm as a result of the purported protest activities alleged in the Complaint, and Defendants deny that MVP is entitled to preliminary and permanent injunctive relief.

17. Defendants lack sufficient information to admit or deny that MVP has sustained damages and costs as a result of any purported protest activities alleged in the Complaint. To the extent this paragraph implicitly alleges any purported action(s) of one or more Defendants, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer any such allegations on that basis.

18. Paragraph 18 solely restates and incorporates previous allegations. Defendants incorporate their prior responses in this pleading.

19. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

20. Defendants deny that MVP is entitled to any relief whatsoever.

21. Paragraph 21 solely restates and incorporates previous allegations. Defendants incorporate their prior responses in this pleading.

22. Paragraph 22 states legal conclusions to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

23. Defendants lack sufficient information to admit or deny that MVP's

easements cannot be accessed if Honeysuckle Road is obstructed as set forth in their answer to paragraph 9. Defendants otherwise assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

24. Defendants deny that MVP is entitled to any relief whatsoever.

25. Paragraph 25 solely restates and incorporates previous allegations. Defendants incorporate their prior responses in this pleading.

26. Paragraph 26 states legal conclusions to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis, except that Defendants lack sufficient information to admit or deny the allegation that MVP's use of a public road to access adjoining easements was lawful.

27. Paragraph 27 states legal conclusions to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis, except that to the extent that the allegation that "the obstruction prevented access to MVP's easements" implies an allegation that it is impossible to otherwise access said easements, Defendants lack sufficient information to admit or deny this implied allegation as set forth in their answer to paragraph 9, and Defendants therefore lack sufficient information to admit or deny that "MVP sustained special injury" within the meaning of Virginia law as a result of the purported protest activities alleged in the Complaint.

28. Defendants deny that MVP is entitled to any relief whatsoever.

29. Paragraph 29 solely restates and incorporates previous allegations. Defendants incorporate their prior responses in this pleading.

30. Count Four has been dismissed by the Court and therefore this paragraph does not require a response.

31. Count Four has been dismissed by the Court and therefore this paragraph does not require a response.

32. Count Four has been dismissed by the Court and therefore this paragraph does not require a response.

33. Count Four has been dismissed by the Court and therefore this paragraph does not require a response. To the extent a response to paragraphs 30-33 is required, Defendants incorporate all prior relevant responses in this pleading and, to the extent the remaining allegations allege any purported action(s) of Defendants, Defendants asserts their Fifth Amendment right against self-incrimination and her corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer any such allegations on that basis.

34. Paragraph 34 solely restates and incorporates previous allegations. Defendants incorporate their prior responses in this pleading.

35. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis, except that Defendants deny that delaying or stopping work on the MVP project is an unlawful purpose to the extent that is implicitly alleged in this paragraph.

36. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

37. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis, except that Defendants lack sufficient information to admit or deny allegations that MVP was "authorized" to perform any specific work purportedly interfered with.

38. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

39. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

40. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent

Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

41. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis, except that Defendants deny that decorating the vehicle and arranging for Defendants to have signs promoting the protest, including a sign that read "DOOM TO THE MOUNTAIN VALLEY PIPELINE," would constitute unlawful conduct, to the extent that is implicitly alleged in this paragraph.

42. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis, except that Defendants deny that taking pictures of defendants and arranging for the pictures to be posted on social media with supportive messages would constitute unlawful conduct, to the extent that is implicitly alleged in this paragraph.

43. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va.

Const. Art. I, § 8 and respectfully decline to answer on that basis.

44. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis, except that Defendants deny that delaying or stopping work on the MVP project constitutes an unlawful purpose.

45. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

46. The categorization of Defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

47. Paragraph 47 states a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, and to the extent this paragraph implicitly describes or refers to the purported actions of one or more Defendants, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

48. Defendants lack sufficient information to admit or deny that MVP has sustained damages and costs as a direct and proximate result of any purported protest activities alleged in the Complaint generally. To the extent this paragraph implicitly alleges any purported action(s) of one or more Defendants, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer any such allegations on that basis. Defendants deny that MVP is entitled to injunctive relief.

49. Paragraph 49 solely restates and incorporates previous allegations. Defendants incorporate their prior responses in this pleading.

50. The categorization of defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. The categorization of defendants' and other protesters' purported activity as "willful[ ] and malicious" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis, except that, with respect to the allegation that any purported protest activities "prevent[ed] or hinder[ed] MVP from doing or performing lawful work[,]" Defendant lack sufficient information to admit or deny that MVP was prevented or hindered from doing any work or that any work purportedly interfered with was lawful.

51. The categorization of defendants and other protesters and their activities as "unlawful" is a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va.

Const. Art. I, § 8 and respectfully decline to answer on that basis, except that Defendants lack sufficient information to admit or deny the allegation that MVP's use of a public road to access adjoining easements was lawful.

52. Paragraph 52 states a legal conclusion, to which no response is required. To the extent Defendants are required to respond to this paragraph, and to the extent this paragraph implicitly describes or refers to the purported actions of one or more Defendants, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer on that basis.

53. Defendants lack sufficient information to admit or deny that MVP has sustained damages and costs as a direct and proximate result of any purported protest activities alleged in the Complaint generally. To the extent this paragraph implicitly alleges any purported action(s) of one or more Defendants, Defendants assert their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 and respectfully decline to answer any such allegations on that basis. Defendants deny that MVP is entitled to injunctive relief.

54. Any allegations which Defendants do not answer above for lack of sufficient information are denied. Any allegations in the Complaint Defendants do not expressly admit above are expressly denied, except to the extent Defendants have asserted their Fifth Amendment right against self-incrimination and their corresponding right under Va. Const. Art. I, § 8 to any allegation in the Complaint.

55. Defendants deny that MVP is entitled to any relief whatsoever.

<u>Affirmative Defenses.</u>

1. The Court lacks subject matter jurisdiction.

2. MVP lacks standing to bring an action for public nuisance because it has not suffered a "special injury" within the meaning of Virginia law.

3. MVP cannot bring a claim for common law civil conspiracy in the absence of a cognizable underlying tort for which MVP has standing.

4. To the extent a claim for common law civil conspiracy is cognizable in this action, it is duplicitous because Defendants are alleged to be primary tortfeasors.

5. The Complaint fails to state a claim upon which relief can be granted.

6. Va. Code § 18.2-499 is unconstitutionally vague on its face and as applied to the purported conduct of Defendants.

7. Plaintiff's claims and requested remedies are barred in whole or in part by the doctrine of unclean hands, including but not limited to Plaintiff's history of extensive violations of environmental laws. *See*, *e.g.*, *Sierra Club v. WV DEP*, 64 F.4th 487 (4th Cir. 2023) (outlining MVP's extensive history of permit and water quality violations and noting that MVP's "activities threaten serious harm in the absence of proper environmental controls"); *see also Sierra Club v. Federal Energy Regulatory Commission*, 68 F.4th 630 (D.C. Cir. 2023) (vacated as moot) (outlining MVP's extensive history of dozens of permit and water quality violations); *Sierra Club, Inc. v. U.S. Forest Serv.*, 897 F.3d 582 (4th Cir. 2018) (vacating authorization for the pipeline to cross approximately 3.5 miles of the Jefferson National Forest in West Virginia and Virginia).

8. Plaintiff's request for injunctive relief is foreclosed by the absence of irreparable harm, the presence of adequate remedies at law, and the mootness doctrine. The pipeline has already been constructed and is currently operational.

9. Plaintiff's claims and requested remedies are barred in whole or in part by the First Amendment to the United States Constitution and Va. Const. Art. I, § 12, to the

extent it seeks to enjoin lawfully protected speech and activity (e.g., encouraging, promoting, and soliciting contributions to support acts of protest) and relies upon lawfully protected speech and activity (e.g., using signs and taking pictures of the protest to be posted on social media with supportive messages) to establish liability.

10. To the extent MVP suffered any damages, MVP failed to fully mitigate such and take reasonable care to reduce any purported damages and losses, and to the extent MVP suffered any damages, it did so as a result of its own action(s) or omission(s), the action(s) or omission(s) of its agents, or the action(s) or omission(s) of persons or entities other than Defendants and/or their purported co-conspirators. This contention will likely have evidentiary support after a reasonable opportunity for discovery.

11. To the extent that MVP's claims depend on any easement acquired by an unconstitutional delegation to private parties of the governmental power to take property, such claims are constitutionally infirm and unenforceable.

12. To the extent that any damages to MVP are economic losses stemming from deviations in the terms of contracts between MVP and its contractor(s) and/or agent(s), MVP's proper remedy is to sue its contractor(s) and/or agent(s) for the delays and for otherwise failing to abide by schedules and standards in any such contracts.

13. To the extent that MVP has an insurance policy or contract provisions that include recovery for any alleged injuries described in the Complaint, such costs are not recoverable in this lawsuit.

14. Defendants specifically plead and incorporate by reference as an affirmative defense all applicable caps, limitations, and set-offs upon any award of damages, both compensatory and punitive, which are provided by law.

15. MVP's request for punitive damages in barred by the Constitutions of the Commonwealth of Virginia and the United States.

16. Defendants reserve the right to assert any matter constituting a defense as a matter of law, including, without limitation, all defenses recited in Rule 12 of the Federal Rules of Civil Procedure, as the evidence adduced in this matter warrants.

Wherefore, having responded to Counts One, Two, Three, Five, and Six, Defendants respectfully request that the Complaint be dismissed and they be awarded their costs and other relief the Court deems appropriate.

DEFENDANTS DEMAND TRIAL BY JURY ON ALL CLAIMS AND ISSUES TRIABLE TO A JURY.

ANDREW DEE HINZ AND KAREN S. BIXLER

By: /s/ Jonathan Sidney
Jonathan Sidney

Jonathan Sidney, *Pro Hac Vice*
Colorado Bar No. 52463
Ohio Bar No. 0100561
Climate Defense Project
P.O. Box 97
Forest Hill, WV
Email: jsidney@climatedefenseproject.org
Telephone: (510) 318-1549
Counsel for Defendants

Paul G. Beers (VSB # 26725)
Glenn, Feldmann, Darby & Goodlatte
111 Franklin Road, S.E., Suite 200
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone: (540) 224-8000
Facsimile: (540) 224-8050
Email: pbeers@glennfeldmann.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2025, I electronically filed the foregoing Defendants' Amended Responsive Pleadings to Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Jonathan Sidney
Jonathan Sidney